UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE PEOPLE OF THE AMU'RA TRIBE OF
INDIGENOUS NATIVE AMERICAN MOORS
REPUBLIC,

                    Plaintiff,

              -against-

ALL FOREIGN AGENTS AND AGENCIES OF
THE UNITED STATES CORPORATION
COMPANY, *including the District of Columbia, all
of its municipal territories and its future
successors*, *et al.*,

                  Defendants.

20-CV-3222 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

       Plaintiff, proceeding *pro se*, filed this *pro se* complaint invoking the Court's federal

question and diversity jurisdiction. On September 21, 2020, the Court granted Plaintiff leave to

proceed without payment of fees, that is, *in forma pauperis* (IFP). The Court now dismisses the

complaint for the reasons set forth below.

## STANDARD OF REVIEW

       The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*,

480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the

Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.

2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed.

Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations

omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff purports to bring this action on behalf of "[t]he People of the Amu'Ra Tribe of Indigenous Native American Moors Republic." He appears to seek a declaration that "[t]he United States Corporation has no Sovereign Authority and is a federal Corporation bankrupt and insolvent . . . [and ] therefore all actions to compel the People of the Several States are done under a color of law." (ECF No. 1 at 1.) Plaintiff also invokes the Court's diversity jurisdiction, apparently on the theory that he is an "Aboriginal Indigenous Moorish American."[1] Named as defendants in this action are President Donald J. Trump and the Governors of numerous States of the United States.

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

---

[1] *See Allah El v. Avesta Homes, LLC*, 520 F. App'x 806, 809 (11th Cir. 2013) (rejecting claim that status as a Moor renders a party diverse from others residing in the same state).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## WARNING

Plaintiff filed a substantially similar complaint that was dismissed as frivolous. *See Amu'Ra El v. All foreign agents and agencies of the United States corporation company*, ECF 1:19-CV-4075, 5 (S.D.N.Y. June 5, 2019). In light of this litigation history, the Court finds that when Plaintiff filed this action, he was aware that the action was frivolous. *See generally Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent pro se litigant may be charged with knowledge of particular legal requirements). Accordingly, the Court warns Plaintiff that further duplicative or frivolous litigation in this Court will result in an order barring Plaintiff from filing new actions IFP without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court warns Plaintiff that further duplicative or frivolous litigation in this Court will result in an order barring Plaintiff from filing new actions IFP without prior permission.

SO ORDERED.

Dated:   September 23, 2020
            New York, New York

_____
Louis L. Stanton
U.S.D.J.